IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLAN DONALDO GUEVARA MARTINEZ<br>1457 Park Road, N.W., Apartment 204<br>Washington, D.C. 20010<br><br>    PLAINTIFF,<br><br>v.<br><br>1301 K STREET CAFÉ, INC. D/B/A<br>SOHO CAFÉ & MARKET<br>1301 K St. N.W., Suite 250E<br>Washington, D.C. 20005<br><br>    Serve: Sara So<br>    2775 Ordway N.W., #411<br>    Washington, D.C. 20008<br><br>DAESEOK SO<br>905 Holly Blossom Court<br>Great Falls, VA 22066<br><br>    DEFENDANTS. | Case No.: |

## COMPLAINT

Plaintiff, Allan Donaldo Guevara Martinez ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendants 1301 K Street Café, Inc. d/b/a Soho Café & Market ("Soho Café") and Daeseok So ("So" collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

### PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of Washington D.C. By participating as named plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA.

2. Soho Cafe is a corporation formed under the laws of Washington D.C. and does business in the District of Columbia.

3. So owns and operates Soho Cafe.

4. Plaintiff was employed by Defendants as a dishwasher. Plaintiff worked in the District of Columbia performing dishwashing services.

5. On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, and otherwise worked on goods and materials that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

7. Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employers" for purposes of the FLSA and the DCMWA.

8. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

9. Defendants are subject to the DCMWA because Plaintiff spent more than 50% of his time working in the District of Columbia.

## FACTS

10. So owned and operated Soho Cafe throughout Plaintiff's employment. Throughout Plaintiff's employment, So:

   a. Had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

   b. Had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality;

   c. Set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule;

   d. Set and determined or had the power to set and determine Plaintiff's rate and method of pay; and

   e. Controlled, and was in charge of, Soho Cafe's day-to-day operations.

11. Allan Donaldo Guevara Martinez worked for Defendants from roughly September 20, 2015 until October 7, 2016. Defendants paid Guevara Martinez a fixed salary between $360.00 and $400.00 per week, regardless of the number of hours he worked.

12. Additionally, Plaintiff's "Regular Rate" fell below the federal and minimum wage.

13. On average, Plaintiff worked roughly fifty (50) hours per week.

14. Plaintiff's primary work duties did not qualify for any exemption under the FLSA or the DCMWA.

15. Defendants failed to pay Plaintiff one-and-one-half times (1.5x) his regular rate for hours worked over forty.

16. Defendants' failure and refusal to pay Plaintiff minimum wage and overtime pay, as required by the FLSA and the DCMWA, was willful and intentional and not the result of any *bona fide* dispute.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

17. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

18. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

19. At all times, Plaintiff was an "employee" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" under § 207(a)(2) of the FLSA.

20. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

21. As set forth above, Defendants had knowledge that Plaintiff worked approximately fifty (50) hours each week of his employment. Alternatively, Defendants suffered or permitted Plaintiff to work fifty (50) hours each week of his employment.

22. As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half (1.5x) his regular rate for all overtime hours he worked.

23. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief

this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

24. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

25. Plaintiff was Defendants' "employee," and Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

26. Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

27. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours during Plaintiff's employment.

28. As set forth above, Defendants failed and refused to pay Plaintiff time-and-one-half (1.5x) his regular rate for all the overtime hours he worked.

29. Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Minimum Wage)

30. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

31. Defendants, as Plaintiff's employer, were obligated to compensate Plaintiff at an

hourly rate in compliance with the D.C. minimum wage requirement set forth in the DCMWA.

32. As set forth above, Defendants failed to pay Plaintiff at an hourly rate that complies with the D.C. minimum wage requirement.

33. At all times during Plaintiff's employment, Defendants had actual knowledge of the D.C. minimum wage requirement and had actual knowledge that the rate and method by which Defendants paid Plaintiff was in direct violation of the requirement.

34. Defendants' failure to pay Plaintiff a minimum wage was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count III for the difference between the wages paid to Plaintiff and the minimum wages required by the DCMWA in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mamster@zagfirm.com

*Counsel for Plaintiff*