## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALLAN DONALDO GUEVARA MARTINEZ | * | |
| 1457 Park Road, N.W., Apartment 204 | * | |
| Washington, D.C. 20010 | * | |
| | * | |
| FRANCISCO GONZALEZ MOLINA | * | |
| 1447 Somerset Pl. NW Apt. 106 | * | |
| Washington, D.C. 20011 | * | |
| | * | |
| PLAINTIFFS, | * | |
| | * | |
| v. | * | Case No.: 16-CV-02246-EGS |
| | * | |
| 1301 K STREET CAFÉ, INC. D/B/A | * | |
| SOHO CAFÉ & MARKET | * | |
| 1301 K St. N.W., Suite 250E | * | |
| Washington, D.C. 20005 | * | |
| | * | |
| DAESEOK SO | * | |
| 905 Holly Blossom Court | * | |
| Great Falls, VA 22066 | * | |
| | * | |
| And | * | |
| | * | |
| MYUNG SUK SO | * | |
| 2821 Mustang Dr. | * | |
| Herndon, VA 20171 | * | |
| | * | |
| DEFENDANTS. | * | |

*******************************************************************

## SECOND AMENDED COMPLAINT

Plaintiffs, Allan Donaldo Guevara Martinez and Francisco Gonzalez Molina (hereinafter "Plaintiffs"), by and through undersigned counsel, hereby submit this Second Amended Complaint against Defendants 1301 K Street Café, Inc. d/b/a Soho Café & Market ("Soho Café"), Myung Suk So, and Daeseok So (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA") as set

forth below.

## PARTIES AND JURISDICTION

1.      Plaintiffs are adult residents of Washington D.C.  By participating as named plaintiffs in this action, Plaintiffs consent to prosecute their claims against Defendants under the FLSA.

2.      Soho Cafe is a corporation formed under the laws of Washington D.C. and does business in the District of Columbia.

3.      At all times relevant, Myung Suk So owned and operateed Soho Cafe.

4.      At all times relevant, Daeseok So was the general manager of Soho Café.

5.      Allan Donaldo Guevara Martinez was employed by Defendants as a dishwasher. Francisco Gonzalez Molina worked for Defendants as a prep-cook.

6.       Both Plaintiffs worked for Defendants in the District of Columbia.

7.      On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8.      At all times during Plaintiffs' employment, Plaintiffs were employees who, while engaged in employment duties, handled, and otherwise worked on goods and materials that were moved in or produced for commerce.  Thus, Plaintiffs were individual employees who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

9.      Pursuant to the foregoing, at all times, Defendants were Plaintiffs' "employers" for purposes of the FLSA and the DCMWA.

10.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29

U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."   Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

11.     Defendants are subject to the DCMWA because Plaintiffs spent more than 50% of their time working in the District of Columbia.

## FACTS

12.     At all times relevant, Myung Suk So owned and operated Soho Cafe. At all times relevant, Daeseok So was the general manager of Soho Café. Throughout Plaintiffs' employment, the Sos:

    a.  Had the power to hire, fire, suspend, and otherwise discipline Plaintiffs;

    b.  Had the power to supervise Plaintiffs' work duties to ensure their work was of sufficient quality;

    c.  Set and controlled Plaintiffs' work schedule or had the power to set and control Plaintiffs' work schedule;

    d.  Set and determined or had the power to set and determine Plaintiffs' rate and method of pay; and

    e.  Controlled, and was in charge of, Soho Cafe's day-to-day operations.

13.     Allan Donaldo Guevara Martinez worked for Defendants from roughly September 20, 2015 until October 7, 2016. Defendants paid Guevara Martinez a fixed weekly salary. Francisco Gonzalez Molina worked for Defendants from roughly February 23, 2003 until December 9, 2016. From roughly November 2015 until December 9, 2016, Defendants paid Mr. Molina a fixed weekly salary.

14.     Mr. Molina worked at the Soho Café, located on K Street, from roughly March

2015 until the end of his employment with Defendants.   Prior to that, Mr. Molina worked at a similar Soho Café restaurant that was owned and controlled by Myung Suk So and Daeseok So.

15.     Defendants frequently required Plaintiffs to sign a sheet that was presented to them at the time they received their payment.   These sheets were written in English, and Plaintiffs did not understand the what was written on them.   The sheet detailed that Plaintiffs were given a meal credit of $75 per week.   The document stated that five dollars were deducted per day for breakfast and ten dollars were deducted per day for lunch.    The document also states that Plaintiffs were provided a one-hour break per day.   However, Plaintiffs were not given any break.

16.     Plaintiffs' "Regular Rate" fell below the federal and D.C. minimum wage.

17.     On average, Plaintiffs worked roughly forty-seven (47) hours per week. Defendants failed to pay Plaintiffs time and a half for the hours Plaintiffs worked over forty each week.

18.     Plaintiffs' primary work duties did not qualify for any exemption under the FLSA or the DCMWA.

19.     Defendants failed to pay Plaintiffs one-and-one-half times (1.5x) their regular rate for hours worked over forty.

20.     Defendants' failure and refusal to pay Plaintiffs minimum wage and overtime pay, as required by the FLSA and the DCMWA, was willful and intentional and not the result of any *bona fide* dispute.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

21.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each

were set forth herein.

22.     The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

23.     At all times, Plaintiffs were "employees" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiffs' "employers" under § 207(a)(2) of the FLSA.

24.     Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate for all overtime hours Plaintiffs worked.

25.     As set forth above, Defendants had knowledge that Plaintiffs worked approximately fifty (50) hours per week. Alternatively, Defendants suffered or permitted Plaintiffs to work fifty (50) hours per week.

26.     As set forth above, Defendants failed and refused to pay Plaintiffs one-and-one-half (1.5x) their regular rate for all overtime hours worked.

27.     Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

28.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each

were set forth herein.

29.     Plaintiffs were Defendants' "employees," and Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

30.     Defendants, as Plaintiffs' employers under the DCMWA, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

31.     As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work many overtime hours during Plaintiffs' employment.

32.     As set forth above, Defendants failed and refused to pay Plaintiffs time-and-one-half (1.5x) their regular rate for all the overtime hours worked.

33.     Defendants' failure and refusal to pay Plaintiffs as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Minimum Wage)

34.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

35.     Defendants, as Plaintiffs' employer, were obligated to compensate Plaintiffs at an hourly rate in compliance with the D.C. minimum wage requirement set forth in the DCMWA.

36.     As set forth above, Defendants failed to pay Plaintiffs at an hourly rate that complies with the D.C. minimum wage requirement.

37.     At all times during Plaintiffs' employment, Defendants had actual knowledge of

the D.C. minimum wage requirement and had actual knowledge that the rate and method by which Defendants paid Plaintiffs was in direct violation of the requirement.

38.     Defendants' failure to pay Plaintiffs a minimum wage was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count III for the difference between the wages paid to Plaintiffs and the minimum wages required by the DCMWA in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

**COUNT IV**
**Violation of the D.C. Wage Payment and Wage Collection Law**
**(Unpaid Wages)**

39.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

40.     Plaintiffs were "employees" and Defendants were Plaintiffs' "employers" within the meaning of the DCWPCL.

41.     Under the DCWPCL, Defendants were obligated to pay Plaintiffs all wages earned and owed for work that Plaintiffs performed.

42.     "Wages" means all monetary compensation after lawful deductions, owed by an employer. . . D.C. Code § 32-1301

43.     Title 7-904.2 of the D.C. Municipal Regulations states that, "Allowances for meals may be taken at a rate not to exceed $2.12 for each meal made available to the employee by the employer."

44.     Defendants have exceeded the deductions that they could permissibly take from Plaintiffs' pay.

WHEREFORE, Defendants are liable to Plaintiffs under Count IV, for all unpaid wages in

such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

\_\_\_--S--_____
Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mamster@zagfirm.com

*Counsel for Plaintiffs*